Richard A. Rodgers, Esq., SBN 210196
SHANE, DIGIUSEPPE & RODGERS, LLP
3125 Old Conejo Road
Thousand Oaks, CA 91320
Telephone: (805) 230-2525
Facsimile: (805) 230-2530
Email: rar@lawsdr.com

Attorneys for Defendants,
JMG INVESTMENTS, INC.
and JEFFREY SCHWARTZ

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. BRYAN QUESENBERRY, | CASE NO. 2:20-cv-08497 MWF-AS |
| Plaintiff, | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| JMG INVESTMENTS, INC., AND JEFFREY SCHWARTZ, | [Fed. R. Civ. P. 56] |
| Defendants. | [Separate Statement of Disputed Facts, Declaration, filed concurrently herewith] |
| | Hearing Date: December 15, 2025 |
| | Hearing Time: 10:00 AM |
| | Courtroom: 5A |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1,

defendants JMG INVESTMENTS, INC., and JEFFREY SCHWARTZ,

("Defendants") submit this Response in Opposition to Plaintiff's Motion for

Summary Judgment.

/ / /

**1.    GENUINE TRIABLE ISSUES OF MATERIAL FACTS**

Under FRCP Rule 56, the movant on a Motion for Summary Judgment must identify each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The central pivotal piece of evidence being used against Defendants in this False Claims Act ("FCA") action is found on Page 2 of the SBA PPP Loan Application, dated 5/7/2020 (See Plaintiff's Sep. Stmt. No. 16, and Exhibit A) - The check box certification stating, "*During the period beginning February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.*"

Plaintiff argues that the FCA imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" and who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim. (31 U.S.C. § 3729(a)(1)(A) and (B). See MSJ, pg. 10:21-28.)

In *United States ex rel. Schutte v. SuperValu Inc*. (2023) 598 U.S. 739, 749-752, the Court held the FCA defines the term "knowingly" as encompassing three mental states: First, that the person "has actual knowledge of the information," § 3729(b)(1)(A)(i)]. Second, that the person "acts in deliberate ignorance of the truth or falsity of the information," § 3729(b)(1)(A)(ii). And, third, that the person "acts in reckless disregard of the truth or falsity of the information," § 3729(b)(1)(A)(iii). In short, either actual knowledge, deliberate ignorance, or recklessness will suffice.  Id at 750.

The Court explained that this three-part test largely tracks the traditional common-law scienter requirement for claims of fraud, and on their face and at common law, the FCA's standards focus primarily on what [defendant] thought

and believed.

The FCA is largely a fraud statute, first enacted in 1863 to stop the massive frauds perpetrated by large contractors during the Civil War. To this day, the FCA refers to "'false or fraudulent'" claims, pointing directly to "the common-law meaning of fraud." On their face and at common law, the FCA's standards focus primarily on what [defendants] thought and believed. Id. at 750.

First, the term "actual knowledge" refers to whether a person is "aware of" the information.  Second, the term "deliberate ignorance" encompasses defendants who are aware of a substantial risk that their statements are false, but intentionally avoid taking steps to confirm the statement's truth or falsity, and, third, the term "reckless disregard" similarly captures defendants who are conscious of a substantial and unjustifiable risk that their claims are false, but submit the claims anyway. [Internal citations omitted here] Id at 751.

"Both the text and the common law also point to what the defendant thought when submitting the false claim—not what the defendant may have thought after submitting it. As noted above, the text encompasses those who "knowingly presen[t] . . . a false or fraudulent claim"; the term "knowingly" thus modifies present-tense verbs like "presents." § 3729(a)(1)(A). As such, the focus is not, as [plaintiff] would have it, on post hoc interpretations that might have rendered their claims accurate. It is instead on what the defendant knew when presenting the claim. Culpability is generally measured against the knowledge of the actor at the time of the challenged conduct. (Internal citations omitted here) Id at 751.

(*In other words, the measure of scienter for fraud is subjective, not objective*)

To obtain a summary judgment under Fed. R. Civ. P. 56, Plaintiff must present supporting factual positions showing that its assertion (claim of fraud) cannot be genuinely disputed by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Plaintiff's Separate Statement does not present any supporting factual positions showing that *at the time Schwartz signed* the PPP loan application with Fountainhead (5/7/20), he had *actual knowledge* that JMG would receive more than one PPP loan during the time period stated in the application.

And Plaintiff's Separate Statement does not present any supporting factual positions showing that *at the time* Schwartz signed the PPP loan application with Fountainhead (5/7/20), he acted in *deliberate ignorance* of the truth or falsity of his representations on the loan application.

And Plaintiff's Separate Statement does not present any supporting factual positions showing that *at the time* Schwartz signed the PPP loan application with Fountainhead (5/7/20), he acted in *reckless disregard* of the truth or falsity of the information on the loan application.

In summary, Plaintiff did not present any supporting factual positions showing that Plaintiff is entitled to a Summary Judgment under Fed. R. Civ. P. 56, for fraud (actual knowledge, deliberate ignorance, or recklessness).

On the other hand, Defendants did present supporting factual positions showing a genuine dispute as to whether defendant Schwartz had the requisite scienter for fraud *at the time* he signed the PPP loan application, 5/7/2020.  (See Def. Sep. Stmt. No. 16 and Declaration of Schwartz, pg. 2:7-8.)

## 2.    CONCLUSION

Based on the facts, law, and arguments made herein, Defendants respectfully request the Court deny Plaintiff's Motion for Summary Judgment.

1  Dated: December 2, 2025                    **SHANE & DIGIUSEPPE & RODGERS LLP**

2

3                                              By: _____

4                                              Richard A. Rodgers, Attorneys of Record
                                               for JMG INVESTMENTS, INC.
5                                              and JEFFREY SCHWARTZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT